BEFORE THE UNITED STATES JUDICIAL PANEL
ON MULTIDISTRICT LITIGATION

| | |
|---|---|
| IN RE: H&R BLOCK EMPLOYEE ANTITRUST LITIGATION | MDL DOCKET NO. 2880 |

**PLAINTIFF COLLEEN GRIFFITH'S RESPONSE IN SUPPORT OF PLAINTIFF CARMEN J. MAURELLA's MOTION TO TRANSFER UNDER 28 U.S.C. §1407**

Colleen Griffith, plaintiff in *Griffith v. H&R Block, Inc., et al.*, No. 18-7520 (N.D. Ill.), files this response in support of plaintiff Carmen J. Maurella's December 13, 2018 motion to transfer and consolidate related actions to the Northern District of Illinois pursuant to 28 U.S.C. § 1407 (the "Maurella Motion"). There are now five related actions against H&R Block on behalf of employees who were harmed by the agreement and/or understanding between and among H&R Block and its franchisees not to compete for employees (the "No-Poach Conspiracy" or "Conspiracy") – *Maurella v. H&R Block, Inc., et al.* No. 18-7435 (N.D. Ill.), the *Griffith* action, *Ramsey v. H&R Block, Inc., et al.*, No 18-933 (W.D. Mo.), *Davidow v. H&R Block, Inc., et al.*, No. 18-1022 (W.D. Mo.), and *Vazquez-Rivera v. H&R Block, Inc., et al.*, No. 19-35 (N.D. Ill.) – and more actions likely are forthcoming (collectively, the "Related Actions").

Plaintiff Griffith concurs with the Maurella Motion that transfer and consolidation of the Related Actions is appropriate (1) due to their common allegations, common questions of law and fact, and common defendants, events, and witnesses, and (2) to promote the just and efficient conduct of the related actions, since separate actions would result in duplication of discovery and motion practice and could result in conflicting rulings, including with respect to class certification.[1]

---

[1] Plaintiff Ramsey filed a response to the Maurella Motion on December 26, 2018, agreeing that transfer and consolidation is appropriate, but calling for the Western District of Missouri to be the venue.

1

Plaintiff Griffith concurs with the Maurella Motion that the Northern District of Illinois is the most appropriate forum for this litigation.

First, the first two Related Actions that were filed, *Maurella* and *Griffith*, are both pending in the Northern District of Illinois before Judge Charles R. Norgle (and the *Vazquez-Rivera* action is also filed in the Northern District of Illinois), and the Panel gives weight to where the first action(s) are filed.

Moreover, as the Maurella Motion states, defendants and their franchises actually employ more people in Illinois than in Missouri. Accordingly, the alleged Conspiracy has a great impact and has caused more harm in Illinois than in Missouri.

Additionally, the Northern District of Illinois has the experience and resources to host an MDL of this magnitude and is often chosen by the Panel as a site for MDLs. The Northern District of Illinois has substantial experience managing complex MDLs, including antitrust actions like this case. As of September 30, 2018, the Northern District of Illinois had hosted 94 MDLs to completion, while the Western District of Missouri had only hosted 17.[2] Judge Norgle is one of the most experienced judges on the federal bench, is the longest-serving active judge in the Northern District of Illinois and has handled many antitrust cases[3] and class actions[4], in addition to four completed MDLs.[5] Senior District Judge Ortrie Smith, who is overseeing *Ramsey* in the

---

[2] JUDICIAL PANEL ON MULTIDISTRICT LITIGATION, *Multidistrict Litigation Terminated Through September 30, 2018*, https://www.jpml.uscourts.gov/sites/jpml/files/JPML_Cumulative_Terminated_Litigations-FY-2018.pdf. (last visited January 4, 2019).
[3] *See e.g. Return on Inv. Sys. v. Translogic Corp.*, 702 F. Supp. 677 (N.D. Ill. 1988); *Campbell v. Chicago*, 639 F. Supp. 1501 (N.D. Ill. 1986); and *Brown v. Visa U.S.A., Inc.*, 674 F. Supp. 249 (N.D. Ill. 1987).
[4] *See e.g. Roth v. Aon Corp.*, No. 04-6835, 2006 U.S. Dist. LEXIS 82908 (N.D. Ill. Nov. 8, 2006); *Schaefer v. Walker Bros. Enters.*, Civil Action No. 10-6366, 2013 U.S. Dist. LEXIS 143047 (N.D. Ill. Sep. 19, 2013); and *Salam v. Lifewatch, Inc.*, No. 13-9305, 2016 U.S. Dist. LEXIS 193553 (N.D. Ill. Sep. 6, 2016).
[5] *Supra* note 2.

Western District of Missouri, is no longer accepting MDL assignments.

Also, Chicago is a far more convenient destination than Kansas City. Chicago's O'Hare International Airport is the third-busiest airport for passenger traffic with 78 million passengers in 2016, and is a hub for American and United Airlines, averaging over 3000 flights per day.[6] Chicago's second airport, Midway Airport, had 22 million passengers in 2017 and has about 700 flights per day.[7] By contrast, Kansas City International Airport had only 11.5 million passengers in 2017 and only has about 300 flights per day.[8] While counsel from around the country would have frequent and convenient direct flights into Chicago, travel to Kansas City would often require layovers. Chicago also has a greater number of hotel rooms for visiting counsel, witnesses, and experts. A search for hotels on a popular travel website found 555 available hotels in Chicago and only 282 in Kansas City for the same date.[9]

Finally, to the extent Plaintiff Ramsey argues that the forum selection clause in the franchise agreements between H&R Block and its franchisees governs this Panel's transferee district determination, she is mistaken. The Related Actions are not disputes between H&R Block and its franchisees about the franchise agreements. Rather, the Related Actions challenge an anticompetitive conspiracy in which H&R Block and its franchisees engaged, exhibited in part by their agreement to and enforcement of certain provisions in the franchise agreements. Plaintiffs and members of the purported class are not and have never been parties to the franchise

---

[6] FEDERAL AVIATION ADMINISTRATION, *Chicago O'Hare International Airport*, https://www.faa.gov/nextgen/snapshots/airport/?locationId=41 (last visited January 3, 2019).
[7] CHICAGO DEPARTMENT OF AVIATION, *Monthly Operations, Passengers, Cargo Summary by Class for December 2017 Midway Airport* (March 20, 2018), https://www.flychicago.com/SiteCollectionDocuments/Business/FactAndFigures/AirTraffic/1217%20MDW%20SUMMARY.pdf.
[8] KANSAS CITY INTERNATIONAL AIRPORT, *Traffic and Operations Dec-17*, https://www.flykci.com/media/1700/stats-2017-december.pdf (last visited January 3, 2019).
[9] HOTELS.COM, http://www.hotels.com (enter "Chicago" and "Kansas City", and dates Jan. 31 to Feb. 1, 2019) (last visited January 3, 2019).

agreements. Accordingly, the forum selection clause in the franchise agreements in no way binds this Panel's transferee district selection.

In light of the above factors, the Panel should grant the Maurella Motion to transfer and consolidate the Related Actions to the Northern District of Illinois.

Dated:  January 4, 2019

Respectfully submitted,

  */s/ John Radice*

John Radice
Daniel Rubenstein
April Lambert
Natasha Fernandez-Silber
Rishi Raithatha
**RADICE LAW FIRM, P.C.**
34 Sunset Blvd.
Long Beach, NJ 08008
Phone: (646) 245-8502
Fax: (609) 385-0745
Email: jradice@radicelawfirm.com
           drubenstein@radicelawfirm.com
           alambert@radicelawfirm.com
           nsilber@radicelawfirm.com
           rraithatha@radicelawfirm.com

Kenneth A. Wexler
Mark R. Miller
**WEXLER WALLACE LLP**
55 West Monroe St., Suite 3300
Chicago, IL 60603
Tel: (312) 346-2222
Email: kaw@wexlerwallace.com
           mrm@wexlerwallace.com

Eric L. Young
Paul V. Shehadi
**McELDREW YOUNG, Attorneys-at-Law**
123 S. Broad Street, Suite 2250
Philadelphia, PA 19109
Phone: (215) 367-5151
Fax: (215) 367-5143
Email: eyoung@mceldrewyoung.com

paul@mceldrewyoung.com

*Attorneys for Plaintiff Colleen Griffith and the proposed Class*